POLANCO, DEMANDANTE Y APELADO, *v.* GOFFINET, DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de procedimiento ejecutivo hipotecario.

No. 1906.—Resuelto en mayo 23, 1919.

NULIDAD DE PROCEDIMIENTO EJECUTIVO HIPOTECARIO—RETENCIÓN DEL PRODUCTO EN VENTA DE LA FINCA HIPOTECADA—ASEGURAMIENTO DE SENTENCIA—EMBARGO.—En un pleito sobre nulidad de procedimiento ejecutivo hipotecario y reclamación de daños y perjuicios, además de las medidas de aseguramiento previstas en el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, pueden adoptarse las autorizadas por la ley especial sobre la materia de aseguramiento de sentencias, y no habiéndose demostrado que la corte de distrito abusara de su discreción en este caso, no deben alterarse las tomadas por ella para garantir los derechos que puedan reconocerse en su día, al demandante.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Lorenzo Jiménez García.*

Abogados del apelado: *Sres. Sarmiento, Rodríguez Serra y Puig.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

José Jacinto Nicolás Polanco entabló demanda en la Corte de Distrito de Humacao contra August y Constant Goffinet sobre nulidad de procedimiento ejecutivo hipotecario y reclamación de $10,500 por daños y perjuicios. El demandante solicitó el aseguramiento de la sentencia y la corte lo decretó ordenando al marshal que retuviera en su poder el producto de la venta de la finca hipotecada y autorizando el embargo de bienes de los demandados hasta la suma de $10,500.

Como no se exigió fianza al demandante, se quejaron los demandados, y la corte por orden de 23 de enero de 1918 fijó una fianza de tres mil pesos para obtener la retención y otra de dos mil para lograr el embargo. La resolución de la corte fué apelada para ante este Tribunal Supremo y confirmada por sentencia de 25 de abril de 1918.

El demandante prestó las fianzas y el producto de la venta de la finca hipotecada ascendente a $19,202 quedó retenido en poder del marshal del distrito y se trabó además embargo sobre dicha suma para garantir el pago de los $10,500 reclamados como daños y perjuicios.

Así las cosas, los demandados solicitaron de la corte que ordenara que se les entregara el producto de la venta, previa prestación de la fianza que fijara la corte. Esta accedió, los demandados afianzaron la devolución del dinero y lo recibieron de manos del marshal.

El demandante archivó una demanda complementaria reclamando $4,166 más por daños y perjuicios y $2,784 por los productos de la finca, y presentó una moción alegando que por virtud de la orden de entrega del producto de la venta de la finca a los demandados, había quedado sin efecto el embargo que sobre dicha suma tenía constituído a su favor para responder de $10,500 y que reclamando $6,950 más, procedía que se ordenara el embargo de bienes de los demandados por valor de $17,450. La corte accedió, siempre que el demandante prestara una fianza por $5,000. Y contra esa orden de la corte es que se ha interpuesto el presente recurso de apelación.

Sostienen los demandados apelantes en primer término que la corte erró "al estimar, que por haber dispuesto los demandados de la cantidad de $19,202 retenida por el marshal, previa prestación de una fianza por igual suma, había quedado anulado el embargo por $10,500, trabado por el demandante sobre la primera suma indicada."

Para formar una idea clara de este caso, es necesario tener en cuenta que se solicitaron y obtuvieron dos distin-

tas medidas de aseguramiento. Una la autorizada por la Ley Hipotecaria, artículo 175 del Reglamento para su ejecución, Comp. 1911, página 1185, consistente en la retención del precio de la venta, y otra el embargo general de bienes reclamado y ordenado de acuerdo con las prescripciones de la ley para asegurar la efectividad de las sentencias de 1902, Comp. 1911, página 384. Sucedió que el demandante que pudo embargar otros bienes de los demandados de acuerdo con la orden de 23 de enero de 1918, confirmada por la sentencia de esta Corte Suprema de 25 de abril de 1918, prefirió designar como bienes de los demandados los mismos $19,202 retenidos en poder del marshal de la corte. Después los demandados solicitaron y obtuvieron que los bienes retenidos les fueran entregados y aunque es cierto que prestaron una fianza para devolverlos, es necesario reconocer que la situación varió. Los bienes embargados salieron de poder del funcionario público que los tenía bajo su custodia y nada parece haberse consignado expresamente sobre el embargo al ordenarse la entrega. Lo que el demandante pidió fué en verdad que se ratificara la orden de embargo ampliando la cantidad de acuerdo con sus nuevas reclamaciones contenidas en su demanda complementaria, y así lo acordó la corte de distrito.

Sostienen además los demandados que la corte de distrito erró al decretar el aseguramiento de las nuevas sumas reclamadas, porque según ellos la demanda complementaria es frívola. Cuando la demanda se interpuso, la finca hipotecada estaba aún en poder del demandante. Mientras se tramitaba el pleito, la finca fué vendida, saliendo así de la posesión del demandante. Si éste tiene razón, es natural que tal hecho aumente los perjuicios sufridos.

En modo alguno debe entenderse lo dicho anteriormente como si prejuzgáramos el resultado definitivo del pleito. No se trata ahora de pronunciar sentencia, sino de dictar una medida de aseguramiento, y en realidad de verdad no vemos que la corte de distrito al seguir el curso que ha adop-

tado, haya abusado de la discreción que la ley le reconoce en estos casos.

En tal virtud, debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.